KLIEBERT, Chief Judge.
This is a suit wherein the plaintiff seeks to recover from the defendant, Delchamps, Inc., and its employee, William Gall, the value of a diamond ring allegedly lost through the negligence of the latter.
It is alleged in the petition that:. (1) the plaintiff, an employee of Delchamps, on August 19, 1987 placed his 2.37 carat diamond ring on the washbasin of the employees’ bathroom at the Delchamps store at 393 West Esplanade Avenue in Kenner, Louisiana, (2) a fellow employee, Gordon E. Mingus, had taken the ring and placed it in the desk drawer of the store manager and other defendant, William Gall, and (3) when he went to the office to retrieve the ring, it was missing. It was averred that by placing the ring in the manager’s desk a depository relationship came into existence and that as the result of the loss Delchamps and Gall were liable for the value of the ring, alleged to be $7,000.00.
The defendant filed an answer in the nature of a general denial and a motion for summary judgment which was denied. Following trial on the merits the trial judge ruled from the bench concluding that Del-champs had become the depository of the ring and was liable for its value which he placed at $5,000.00. Judgment was accordingly rendered on May 13, 1991 with legal interest to run from August 19, 1987.
Delchamps has appealed suspensively assigning as error that: (1) it was not established that the ring found by Delchamps’ employee was in fact the ring allegedly lost by plaintiff, and (2) no evidence to suggest that a depository relationship existed between the parties was presented.
The plaintiff testified that he was employed by Delchamps as a meat cutter on August 19, 1986, that he wore a ring to work that day, that he “went to the bathroom, washed his hands, and lost the ring.” He described the ring as “Gold — Eighteen carat gold diamond ring with sixteen small diamonds, the middle stone was one and a quarter carats.” It was not until much later in the day that he checked the restroom for his ring. He was not sure where, if anywhere in the store, he had lost it and checked other places, including his home and automobile as well. He stated that he never saw the ring after it was purportedly *692 found by Mr. Mingus,[1] the fellow employee.
The plaintiffs wife testified also. She described the ring exactly as he did and stated that she knew he wore it to work on the day in question because “he left it on all the time.” She helped to search for the ring, including the storage room and area, and the employees’ bathroom, but to no avail.
Mr. Raymond Caillouette testified on behalf of the plaintiff. This gentleman is a manufacturing jeweler who made and wore the ring in question before it was sold to the plaintiff. He described it as “an eighteen carat gold Gypsy mounted, hand made with eighteen small diamonds and a round center stone approximately a carat and a quarter.” When asked as to its present value he replied “Stones have gone up considerably. In other words, a carat and a quarter stone like that today would be worth in the neighborhood of ten thousand dollars.” When asked by the Court as to its value in August of 1987 the witness replied that it was probably worth $5,000.00 at that time.
Mr. Gordon Mingus testified that he was employed by Delchamps on August 16, 1986, that he went to the bathroom that morning, used the last stall at the end of the bathroom, “looked over and seen a ring next to the stall.” He delivered the ring to Mr. Gall with instructions to put it in the drawer where lost items were customarily placed and stated that it was his understanding that he would do so. When asked had it ever been established that the ring which he found was the same one reportedly lost by the plaintiff, the witness replied “No. Because to be honest with you, I never knew what the ring looked like, other than it was yellow gold.”
Mr. Bill Gall testified that on August 19, 1986 he was employed by Delchamps as manager trainee at their number seventy-one store in Kenner and that a ring was handed to him by Mr. Mingus, as testified to by the latter. This witness stated that he thought he showed the ring to another employee, Bill Robbins, and then put it in the office drawer “where we keep lost and found.” When asked if he could describe the ring, the witness replied “To the best of my knowledge it was just a yellow gold ring.” When asked if it had diamonds, he answered “I couldn’t remember to be honest with you.” Finally, when asked had it ever been established that the ring given him by Mr. Mingus was in fact that of Mr. Puissegur his answer was “No, it wasn’t”.
With the foregoing before him, the trial judge ruled as follows:
“The Court is going to render a judgment in favor of the plaintiff for five thousand dollars, plus interest from August 19, 1987, plus court cost. Finding that the defendant in this case is a depository. The Court finds — accepts as true the plaintiff’s testimony. And in doing so, his testimony is corroborated by the employees who work for Delchamps, Inc., that a ring was found at the wash basin which the plaintiff testified where he left the ring on August 19, 1987. That the employees of the Delchamps, Inc. had control over this ring, that is that they had it in their possession and was last with them when the ring was found missing. And under these circumstances the Court finds that Delchamps, Inc. became a, whether by implied consent or whatever, they did have possession of it. And the Court looks upon this as that they became depository of that ring. And therefore, they become liable to the plaintiff.”
While we have no quarrel with the trial judge’s acceptance of the plaintiff’s testimony as true we cannot extend that finding to mean anything more than he accepts as a fact that the plaintiff did lose the ring which he possessed. The plaintiff did not testify and, indeed, could not testify, however, that the ring which he lost was in fact *693 the same ring that was found by Mr. Mingus as concluded by the judge.
We are impressed by the fact that the plaintiff, his wife, and Mr. Caillouette (as well as the latter’s two appraisals, P-2 and P-3, and the police report, P-1) all give identical descriptions of a gold ring with a one and a quarter carat center diamond surrounded by no less than 16 smaller diamonds of quite substantial value; whereas, the two Delchamps employees who handled a ring found by one in the restroom had recollections only of a ring at best nondescript in appearance.
It is axiomatic, of course, that the plaintiff here, as in any other civil case, must prove his factual assertions by a preponderance of the evidence. Accepting as true, however, his testimony that he lost an expensive diamond encrusted ring on August 19, 1987 does not reasonably lead to the conclusion that the undistinguished ring as remembered by Messrs. Mingus and Gall was the same ring. We conclude, therefore, that the trial judge was in error in ruling in favor of the plaintiff as there is an absence of proof which would establish that the ring found by the Delchamps’ employee was, in fact, that allegedly lost by the plaintiff.
For the reasons assigned, the judgment appealed from is reversed and plaintiff’s suit dismissed at his cost.
REVERSED AND DISMISSED.

. This witness does not make it clear as to exactly when he missed the ring. After testifying that he lost the ring, as indicated above, he stated that it was later found by Mr. Mingus who gave it to Bill Gall to put in the office and when he later asked for the ring, it could not be found.